IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FREDERICK O. SILVER, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 21-1630-RGA |
| | : |
| BARCLAYS BANK DELAWARE, et al., | : |
| | : |
| Defendants. | : |

### MEMORANDUM ORDER

At Wilmington, this 1st day of March, 2023, having considered Plaintiff's motion to vacate stipulation of dismissal and to amend complaint with claims to add parties (D.I. 25), motion to reopen (D.I. 26), motion to file copy of settlement agreement (D.I. 27), motions to take judicial notice (D.I. 32, 38), motion for court order (D.I. 40), motion to file a late notice of appeal (D.I. 42), and motion for in-person evidentiary hearing (D.I. 47);

1. Plaintiff Frederick O. Silver, who appears *pro se* and has been granted leave to proceed *in forma pauperis*, filed this action on November 19, 2021. (D.I. 2). On April 19, 2022, Defendants filed an Answer, which contained counterclaims against Silver. (D.I. 12). On June 10, 2022, Defendants filed a stipulation of dismissal, purportedly signed by Plaintiff and counsel for Defendants, seeking to dismiss their claims and counterclaims against each other, with prejudice. (D.I. 23). On June 21, 2022, the Court granted the stipulation of dismissal and dismissed the case, with prejudice. (D.I. 24).

1

2. On June 29, 2022, Silver filed a motion to vacate stipulation of dismissal and to amend complaint with claims to add parties (D.I. 25), a motion to reopen (D.I. 26), and a motion to file copy of settlement agreement (D.I. 27).  In the months that followed, Silver additionally filed two motions to take judicial notice (D.I. 32, 38), and a motion for court order (D.I. 40).  Defendant have diligently opposed all the above-listed motions and ancillary filings.  (D.I. 29, 33, 36, 37, 39, 41). Silver recently filed a motion requesting an evidentiary hearing.  (D.I. 47). The time for a response has not yet passed, but I was planning on ordering an evidentiary hearing even before Silver filed the motion requesting one.

3. Silver is essentially seeking relief from the stipulated dismissal of this action so that he may file an amended complaint alleging that Defendants, their counsel, and other additional defendants breached the settlement agreement, and perhaps to file other claims as well.  In support of Silver's argument for breach of the settlement agreement, he requests that I take judicial notice of unauthenticated copies of credit reports.  While not part of the pleadings submitted with the first three motions, he has since declared under oath that he "did not sign any 'Stipulation of Dismissal With Prejudice.'"  (D.I. 35 at 1). He further declared that he did not "sign and file any Notice of Settlement" between the parties. (*Id*.). Counsel for Defendants subsequently submitted a statement under oath explaining the correspondence she had with Plaintiff. (D.I. 37).  There is a factual issue here that I need to resolve, as, if Plaintiff is correct that he did not agree to the stipulation and did not sign it, then he is likely entitled to relief under Rules 60(b)(3) or 60(b)(6) of the Federal Rules of Civil Procedure.

2

4.      Other than the possibility that Silver did not sign the stipulation of dismissal, and is entitled to vacate the stipulation of dismissal, he has provided no basis to reopen the case. An allegation that the settlement agreement has been breached provides no basis for reopening the case under the circumstances of this case.   The dismissal order did not indicate that the Court was retaining jurisdiction to enforce the settlement agreement, and it did not incorporate the terms of the settlement agreement. The Court therefore lacks jurisdiction over allegations of breach of the settlement agreement, or efforts to enforce the settlement agreement.   See *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 381-82 (1994); *Shaffer v. GTE North, Inc.*, 284 F.3d 500, 503-04 & n.4 (3d Cir. 2002); *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 141 (3d Cir. 1993).   Rather, Silver's remedy is to file a new action for breach of the agreement.   See *Kokkonen*, 511 U.S. at 382.   Thus, the motion to reopen (D.I. 26) will be denied.

4.      Given that Silver's first batch of motions were filed eight days after the case was dismissed, and that I am treating the motion to vacate as a Rule 60(b) motion for relief from judgment, I will dismiss as moot his motion to file a late notice of appeal, as he separately filed a notice of appeal (D.I. 43), which under the Rules is deemed timely with regard to orders yet to be filed.   See Fed. R. App. P. 4(a)(4)(B)(i).

5.      Silver's motion to file a copy of settlement agreement (D.I. 27) will be denied.   There is no reason to have a copy on the docket when the settlement apparently had some degree of confidentiality and there is no proffer as to why it is

relevant other than in relation to the claimed breach, which is not an issue over which I have jurisdiction.

6.     Finally, I note Defendants' suggestion that I bar further filings from Silver absent prior Court approval, citing his actions in this case, and the fact that he has been declared a "vexatious litigant" and similarly barred by several other courts.  *See Silver v. Dystrup-Chiang*, 2022 WL 741903, at *5 (W.D. Wash. Mar. 11, 2022) (granting "request for entry of a vexatious litigant order" against Silver), *appeal dismissed*, No. 22-35258 (9th Cir. Jan. 20, 2023); *Silver v. Bemporad*, 2019 WL 1724047, at *3 (W.D. Tex. Apr. 18, 2019) (classifying Silver as a vexatious litigant and entering a filing injunction), *appeal dismissed*, 2019 WL 13221772 (5th Cir. July 15, 2019); *Silver v. Clark County Nevada*, 2020 WL 7082692, at *2 (D. Nev. Dec. 2, 2020) (designating Silver as a vexatious litigant); *Silver v. Abbott*, 2019 WL 6139503, at *1 (Tex. 3d Ct. App. Nov. 20, 2019) (noting that Silver "is on the State's list of vexatious litigants.").   Although Silver's history as set forth in other courts is cause for concern, he has only filed one other case in this Court, which is currently pending. *See Silver v. Equifax Information Services, LLC*, No. 22-cv-1217-RGA.   Silver is hereby placed on notice that if he engages in conduct similar to what he has done in other courts, I will consider instituting a vexatious litigant ban against his filing of future suits in this Court without prior Court approval.

IT IS HEREBY ORDERED that:

1.     The motion to vacate stipulation of dismissal and to amend complaint with claims to add parties (D.I. 25) is taken under advisement pending an in-person evidentiary hearing to determine whether Plaintiff did or did not sign a settlement

4

agreement and did or did not sign a stipulation of dismissal. The motion for an in-person evidentiary hearing (D.I. 47) is **GRANTED**. The hearing will be limited to the topics of whether Silver agreed to the dismissal of this case, including by signing the stipulation of dismissal.   Silver will have the burden to prove that he did not agree to the dismissal. A time for that hearing will be separately set.

      2.       The motion to reopen (D.I. 26) is **DENIED**.

      3.       The motion to file copy of settlement agreement (D.I. 27) is **DENIED**.

      4.       The motion to file a late notice of appeal (D.I. 42) is **DISMISSED** as moot.

      5.       The motion to file stipulation (D.I. 40) is duplicative and is **DISMISSED**.

      6.       The motions to take judicial notice (D.I. 32, 38) request that I take judicial notice of documents that do not meet the standard for the taking of judicial notice, and those motions are therefore **DENIED**.

/s/ Richard G. Andrews  
UNITED STATES DISTRICT JUDGE